IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FABIAN JOHNSON,

                                                   OPINION AND ORDER

                 Plaintiff,

                                                   19-cv-543-bbc

      v.

WILLARD WEST,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Fabian Johnson filed this lawsuit alleging that prison staff and administrators at the Wisconsin Secure Program Facility failed to provide him the Ramadan fasting diet in 2019, in violation of his rights under the free exercise clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA). Specifically, plaintiff alleged that he requested placement on the list for Ramadan meals before the 60-day deadline for doing so, but the chaplain either did not receive his request or failed to record it. Plaintiff alleges that he found out weeks after the deadline that the chaplain never received his request, meaning he could not participate in the Ramadan fast.

      On January 5, 2021, I granted the motion for summary judgment filed by the original defendants with respect to all of plaintiff's claims except for his RLUIPA and First Amendment claims for injunctive relief regarding the prison policy setting a 60-day deadline to sign up for Ramadan meals. Dkt. #36. I found that plaintiff's claims for injunctive relief

1

would have to be resolved in further proceedings because there were factual disputes as to whether the prison policy setting a 60-day deadline to sign up for Ramadan meals substantially burdened plaintiff's religious practice and whether the policy is the least restrictive means of furthering compelling state interests. Before setting the case for a bench trial on the claims for equitable relief, I gave the parties an opportunity to submit additional evidence and argument on the following two questions: (1) whether a 60-day notice policy without a confirmation or follow-up requirement substantially burdened plaintiff's religious practice; and (2) whether such a policy is the least restrictive means of furthering the state's compelling interest in having advance notice of those who intend to participate in the Ramadan fast. In particular, I asked the parties to address whether there are possible mechanisms—such as a confirmation process or a follow-up requirement—to prevent or correct the problem of lost or undelivered inmate requests for Ramadan meals.

Remaining defendant Willard West, the Division of Adult Institutions (DAI) religious practices coordinator, has filed supplemental briefing in which he contends that the claims for injunctive relief are now moot because DAI recently amended the sign-up policy to address the problem that plaintiff allegedly experienced. Plaintiff has not filed a response. Because I am persuaded that defendant has addressed the court's concerns with DAI's failure to provide a means of confirming the receipt of inmate requests for Ramadan meals, and have heard of no additional concerns from plaintiff, I will dismiss plaintiff's claims for injunctive relief as moot and close this case.

SUPPLEMENTAL FACTS

Defendant states that over the years, DAI has received some complaints and lawsuits from inmates claiming they submitted a timely request for Ramadan meals, but they were not provided the meals because their request was never received by the prison chaplain or his or her designee. To avoid this issue repeating itself in the future, defendant West initiated discussions about revising the policy to include a provision requiring the chaplain to provide confirmation or a "receipt" to acknowledge that the inmate's request for temporary religious fasting accommodation was received and acted upon (approving or denying the request). After extensive analysis and discussion with facility staff and central office leaders, the Department of Corrections issued updated DAI Policy 309.61.03, effective December 1, 2020.

The updated policy creates new form DOC-2935, which includes a confirmation of receipt mechanism, and a notice to inmates to follow up with the chaplain if they do not receive confirmation of receipt within five working days. Under the old policy, inmates requested a religious fasting accommodation by submitting an interview and information request form (commonly referred to as a "kite") to the chaplain at least 60 days in advance of the initial meal. Although kites are used for other types of correspondence between inmates and staff members, defendant concedes that there was potential for confusion or paperwork mix-ups with this specific type of request because kites are routinely mailed internally to any sector of the institution.

Under the new policy, inmates are to submit the DOC-2935 form to the chaplain or his or her designee at least 60 days in advance of the initial Ramadan meal. Dkt. #40, p. 3. Upon receipt, the chaplain will use check boxes in a "For Office Use Only" section to indicate whether the request is approved or denied, and send a copy back to the inmate. Id. at 3-4. This acts as a receipt, allowing the inmate to confirm that his or her request was received and that the requested accommodation was approved or denied. Id. at 4. By signing the form, the inmate acknowledges that he or she understands that "[i]t is my responsibility to confirm Chaplain/designee's receipt of this form if I do not receive response within 5 working days, and to make a timely resubmission if necessary." Id. This statement informs the inmate that he or she needs to submit his or her request early and take the initiative to verify the status of the request. Id. In the event that the DOC-2935 form is not delivered to the chaplain, the inmate can follow up on his or her request or resubmit the form. Id. The new policy also specifies that inmates may submit the DOC-2935 form up to 12 months in advance, allowing inmates ample time to submit the form and receive a confirmation receipt at least 60 days before the sign-up deadline. Dkt. #40-2 at 7, DAI Policy #309.61.03 § II.D.1.b ("Inmates my submit DOC-2935 [request for religious diet] up to 12 months in advance.").

OPINION

A plaintiff is entitled to prospective injunctive relief only if "there exists some cognizable danger of recurrent violation, something more than the mere possibility." Nelson

v. Miller, 570 F.3d 868, 882 (7th Cir. 2009) (quoting United States v. W.T. Grant Co., 345 U.S. 629, 633 (1953)). In this case, it is reasonable to expect that the new policy will prevent plaintiff from suffering the same harm that he alleges in this case. Had the chaplain in this case been required to respond to plaintiff's request within five days but not done so, plaintiff would have known to follow up with the chaplain sooner or resubmit his request before the 60-day deadline had expired. The policy applies across all prisons statewide, so the fact that plaintiff is now at a different institution will not matter. According to defendant, using a specific form that is transmitted directly to the chaplain also will reduce the potential for mis-routing because it is a special form addressed to the chaplain or his designee, unlike the more general "kite" used for other types of communication between inmates and staff.

Although the new policy requires plaintiff to take the initiative to follow up on his own if he does not hear back from the chaplain within five days, and to give himself enough time to put in a new request if his request is lost, these are minimal requirements under the circumstances present in this case. As discussed in more detail in my previous order, dkt. #36, I am satisfied that a 60-day notice policy with a confirmation or follow-up requirement would be the least restrictive means of furthering DAI's compelling interest in getting advance notice from plaintiff to participate in the Ramadan fast in light of the specific facts in this case.

For these reasons, plaintiff's remaining claims for injunctive relief under RLUIPA and the First Amendment will be dismissed as moot.

ORDER

IT IS ORDERED that plaintiff's RLUIPA and First Amendment free exercise claims for declaratory and injunctive relief are DISMISSED as moot. The clerk of court is directed to enter judgment in accordance with the court's January 5, 2021 order and this order and close this case.

Entered this 28th day of May, 2021.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge